United States District Court
Southern District of Texas
**ENTERED**
February 10, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DOREATHA LONG-WALKER | § | |
| | § | |
| *Plaintiff,* | § | |
| VS. | § | CIVIL ACTION NO. 4:25-CV-00403 |
| | § | |
| KIPP TEXAS, *et al.*, | § | |
| | § | |
| *Defendants.* | § | |

## ORDER

Pending before this Court is Plaintiff Doreatha Long-Walker's ("Plaintiff") Motion for Permanent Injunction (Doc. No. 18), Defendants KIPP Texas, Antara Morris, Sehba Ali, Chuck Fimble, Frank Cush, Lori Russel, Latrice Kossi-Manuel, Jasmine Yarborough, DeAndra Steele, Amy Soria, Lauren Moss, Angela Gittens, and Amy Stable (collectively, "Defendants") Motion to Dismiss (Doc. No. 30), Plaintiff's Motion for Leave to File Third Amended Complaint (Doc. No. 34), Plaintiff's Motion to Expedite Ruling on her Motion to Leave (Doc. No. 38), and Plaintiff's Motion for Entry of Default (Doc. No. 39). Upon review of each of the responses to the pending motions and the applicable legal standards, the Court hereby denies Plaintiff's Motion for Permanent Injunction (Doc. No. 18) and grants Plaintiff's Motion for Leave to File Third Amended Complaint (Doc. No. 34). Plaintiff's Motion to Expedite Ruling (Doc. No. 38) and Defendants' Motion to Dismiss (Doc. No. 30) are denied as moot. As this would be the fourth version of the Plaintiff's Complaint, the Court will not look favorably on any additional requests for leave. Plaintiff, if she so chooses, may file a Third Amended Complaint by **March 2, 2026.** If an amended complaint is filed, Defendants may file whatever response they deem appropriate by **April 6, 2026.** The Court addresses each of the pending motions below.

## I. Factual Background

The Court presents a limited factual background as alleged in the Plaintiff's Second Amended Complaint. Plaintiff, *pro se*, alleges that her employer, KIPP Texas, and a group of individuals that work for KIPP Texas discriminated against her and committed retaliatory acts against her on the basis of race and disability. (Doc. No. 29). Plaintiff was employed as a second-grade teacher at KIPP Texas, a charter school in the Houston area. (*Id.*). On March 12, 2025, Plaintiff was terminated from her position. (Doc. No. 18). Plaintiff alleges Defendants abruptly changed the terms and conditions of her employment agreement after she filed internal complaints about discrimination, retaliation, denials of her approved accommodations, and the overall hostile work environment. (Doc. No. 29). Plaintiff attached hundreds of pages of exhibits—largely containing email communications with her employers—to her Second Amended Complaint in support of these allegations. (*Id.*).

Plaintiff pleaded four separate purported causes of action against Defendants. First, Plaintiff alleges that KIPP Texas violated the Rehabilitation Act of 1973. (*Id.*). Second, Plaintiff alleges that Defendants violated 42 U.S.C. §§ 1981 and 1983. (*Id.*). Third, Plaintiff alleges that Defendants caused "emotional and mental distress." (*Id.*). Lastly, she alleges that Defendants violated the First Amendment. (*Id.*). Additionally, Plaintiff requested the Court to grant a permanent injunction for KIPP Texas to reinstate her position. (Doc. No. 18).

## II. Analysis

Upon review of each of the responses and replies to each of the pending motions and the applicable legal standards, the Court hereby denies Plaintiff's Motion for Permanent Injunction (Doc. No. 18) and grants Plaintiff's Motion for Leave to File Third Amended Complaint (Doc. No.

34). Plaintiff's Motion to Expedite Ruling (Doc. No. 38) and Defendants' Motion to Dismiss (Doc. No. 30) are denied as moot. The Court outlines its analysis on each of the pending motions below.

### A. Motion for Permanent Injunction

On March 18, 2025, Plaintiff filed a Motion for a Permanent Injunction. (Doc. No. 18). In the Motion, Plaintiff informed the Court that she was terminated from her position at KIPP Texas on March 12, 2025 via email. (*Id.*). Plaintiff requests this Court to issue an injunction that would reinstate Plaintiff to her position as a second-grade teacher at KIPP Texas. (*Id.*). Plaintiff's request is denied for the reasons set forth below.

"According to well-established principles of equity, a plaintiff seeking a permanent injunction must satisfy a four-factor test before a court may grant such relief." *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006). The plaintiff must demonstrate: "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *Id.*

In this case, Plaintiff provided a one-page document to request this permanent injunction—an extraordinary judicial remedy. (Doc. No. 18). Not only did Plaintiff fail to address the legal basis of her request for such an extraordinary remedy, but Plaintiff failed to provide any evidence to show that she has (1) suffered an irreparable injury, (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury, (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted, or (4) that the public interest would not be disserved by a permanent injunction. Any party requesting a permanent injunction is required by law to satisfy these elements. *eBay, Inc.*, 547 U.S. at 391.

While the Court certainly recognizes that "Plaintiff wants her job back," Plaintiff has failed to meet her legal burden to show that the facts and law are in favor of her position. Accordingly, Plaintiff's Motion for Permanent Injunction is denied.

### B. Motion for Leave to File a Third Amended Complaint

Plaintiff has also filed a Motion for Leave to File a Third Amended Complaint (Doc. No. 34) and a Motion to Expedite Ruling on the Motion to Leave (Doc. No. 37). Plaintiff attached a Third Amended Complaint to her request for leave. (Doc. No. 34-1). She requests leave from the Court to amend her complaint to include the facts surrounding her termination from KIPP Texas, which were not included in her previous complaints. She claims that she delayed amending her complaint because she was awaiting the Court's ruling on her Motion for Permanent Injunction (Doc. No. 18), which requested the Court to order her reinstatement to the position. As discussed above, this Order denies that Motion for Permanent Injunction.

Understandably so, Defendants are opposed to the Court granting Plaintiff leave to file a fourth version of her complaint. (Doc. No. 35). Defendants argue that Plaintiff has had months since her termination in March to amend her complaint to include the relevant facts, including when she filed a Second Amended Complaint without the Defendants' opposition in May. (Doc. No. 29). Moreover, Defendants have now filed two separate Motions to Dismiss to two separate versions of Plaintiff's complaint—each one denied as moot when an amended complaint was filed. (Doc. Nos. 14, 30). Though the Court is sympathetic to the Defendants' position, "[u]nless there is a 'substantial reason,' such as undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, and undue prejudice to the opposing party," the court should grant leave to amend. *Dussoy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981).

With that being said, the Court will allow Plaintiff an opportunity to amend her complaint. As this will be her fourth version of the complaint, the Court will not look favorably on any additional requests to amend. Therefore, Plaintiff may file a Third Amended Complaint, if she chooses to do so, by **March 2, 2026.** Plaintiff does not have to file the current version of the Third Amended Complaint that she attached to her Motion (Doc. No. 34-1). She may make any changes that she sees fit to the Third Amended Complaint, but she is advised to carefully comply with the Federal Rules of Civil Procedure and this Court's Local Rules. If Plaintiff files a Third Amended Complaint, Defendants may also file whatever response they so choose, in accordance with the Federal Rules of Civil Procedure, by **April 6, 2026.** Accordingly, Plaintiff's Motion to Expedite Ruling on the Motion to Leave (Doc. No. 37) and Defendants' Motion to Dismiss (Doc. No. 30) are denied as moot.

### C. Motion for Entry of Default

Plaintiff filed a Motion for Entry of Default against Defendants due to their lack of response to Plaintiff's Motion to Expedite Ruling (Doc. No. 39). This request is denied. Under Federal Rule of Civil Procedure 55, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is show by affidavit or otherwise, the clerk must enter the party's default." Such is not the case here. The Defendants in this case have appeared in the case and filed pleadings to defend the case. Lack of response to Plaintiff's motion does not subject the Defendants to a default judgment. Accordingly, Plaintiff's Motion for Entry of Default is denied.

### III.   Conclusion

For the foregoing reasons, the Court hereby denies Plaintiff's Motion for Permanent Injunction (Doc. No. 18). Plaintiff's Motion for Leave to File Third Amended Complaint (Doc.

No. 34) is granted. Plaintiff's Motion to Expedite Ruling (Doc. No. 38) and Defendants' Motion to Dismiss (Doc. No. 30) are denied as moot. Plaintiff's Motion for Entry of Default (Doc. No. 39) is denied. Any other pending motions are denied. As this would be the fourth version of the Plaintiff's Complaint, the Court will not look favorably on any additional requests for leave. Plaintiff, if she so chooses, may file a Third Amended Complaint by **March 2, 2026.** Defendants, if they so choose, may refile a motion to dismiss the Third Amended Complaint, if one is filed, by **April 6, 2026.**

It is so ordered.

Signed on this the ___9th___ day of February 2026.

Andrew S. Hanen
United States District Judge